# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHKEEM DESHAVIER WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>U.S.D.C. COURT CLERKS,<br><br>　　　　Defendants. | Case No. 1:18-cv-00071-LJO-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

On January 17, 2018, Plaintiff Ahkeem Deshavier Williams, proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is the complaint which was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

## I.

## SCREENING REQUIREMENT

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners);

1

Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Therefore the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

## II.

## COMPLAINT ALLEGATIONS

The basis of Plaintiff's complaint is the clerks of the court did not file his complaint causing two of his cases, No. 1:17-cv-00816-DAD-BAM and 1:17-cv-00860-LJO-MJS to be

dismissed. (Compl. 5, ECF No. 1.) Plaintiff alleges the clerks are tampering with and mishandling his mail to manipulate the court proceedings. (Compl. 7.)

While Plaintiff was housed at Kings County Jail, he filed a civil rights complaint, no. 1:17-cv-00816-DAD-BAM, which was mailed on June 16, 2017. (Compl. 7.) When Plaintiff was released from jail he went to the District Court to change his address and check on the status of his case. (Compl. 7.) The Clerks told Plaintiff they had never received it. (Compl. 7.) Plaintiff is now going almost daily to trace the mail. (Compl. 7.) Plaintiff filed a new case against the same individuals on June 28, 2017, no. 1:17-cv-00860-LJO-MJS. (Compl. 7.) On July 5, 2017, Plaintiff went to the Hanford post office to get a tracking report which shows that C. Marrujo signed for the mail. (Compl. 7.) Plaintiff contends that the tracking report shows that the federal court received his case no 1:17-cv-00860-LJO-MJS and he can prove that the Clerk's Office committed perjury, misled him, and mishandled the court proceedings. (Compl. 8.) Plaintiff alleges that the Clerk's Office was docketing certain mail that they wanted Plaintiff to have. (Compl. 8.) Most of Plaintiff's mail does not have stamps so he has been walking it in. (Compl. 8.)

Plaintiff was at the post office on July 5, 2017 looking for his mail and on October 10, 2017, Judge McAuliffe signed a findings and recommendations recommending dismissing case no. 1:17-cv-00816-DAD-BAM for failure to prosecute.[1] (Compl. 9.) Plaintiff seeks to have case no. 1:17-cv-00816-DAD-BAM reinstated and go to trial. (Compl. 9.)

## III.

## DISCUSSION

"Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." Mullis v. U.S. Bankr. Court for Dist. of Nevada, 828 F.2d 1385, 1390 (9th Cir. 1987); Fixel v. United States, 737 F.Supp. 593, 597 (D. Nev. 1990), aff'd sub nom. Fixel v. U.S. Dist. Court of Nevada, 930 F.2d 27 (9th Cir. 1991). Clerk action that is "a mistake or an act in excess of jurisdiction

---

[1] The Court takes judicial notice of Plaintiff's federal cases filed in this Court.

3

1 does not abrogate judicial immunity, even if it results in 'grave procedural errors.' " Mullis, 828
2 F.2d at 1390 (quoting Stump v. Sparkman, 435 U.S. 349, 359 (1978)). In Mullis, a bankruptcy
3 debtor filed an action against the bankruptcy court clerks. Mullis, 828 F.2d at 1390. The
4 plaintiff alleged denial to access of the court after the court clerks refused to accept and file an
5 amended petition in his bankruptcy action. Mullis, 828 F.2d at 1390. The court found that the
6 clerk of court and deputy clerks are the court officials through whom filing in cases is done. Id.
7 "Consequently, the clerks qualify for quasi-judicial immunity unless these acts were done in the
8 clear absence of all jurisdiction." Id.

Plaintiff alleges that his complaint mailed June 17, 2017 was not received. However, review of the docket in Williams v. Jordan, 1:17-cv-00816-DAD-BAM, shows that the complaint was received and filed on June 19, 2017. While a findings and recommendations was filed in the action recommending dismissal based on Plaintiff's failure to prosecute, this was the result of Plaintiff's name being incorrectly entered on the docket. See Williams v. Jordan, 1:17-cv-00816-DAD-BAM (Jan. 11, 2018). This was corrected on January 11, 2018, and the findings and recommendations was vacated. (Id.) Williams v. Jordan, 1:17-cv-00816-DAD-BAM, has not been dismissed and therefore, the relief Plaintiff seeks, to have the case reinstated is moot. The action Plaintiff seeks to have reinstated is currently proceeding and the complaint is pending screening.

To the extent that Plaintiff is also attempting to allege that the Clerk's Office interfered with mail in the second case that he filed, Williams v. Jordan, 1:17-cv-00816-LJO-MJS, review of the docket in the action reveals that the complaint was filed on June 28, 2017. Plaintiff filed a first amended complaint on August 1, 2018. On September 11, 2017, findings and recommendations were filed which recommending dismissing the first amended complaint without leave to amend. Plaintiff filed objections on August 19, 2017. On January 4, 2018 the district judge adopted the findings and recommendations and Plaintiff filed a notice of appeal on January 11, 2018.

Accordingly, the Court recommends that Plaintiff's complaint in this action be dismissed without leave to amend as the Clerk of the Court is entitled to quasi-judicial immunity for

4

damages and the injunctive relief Plaintiff seeks in this action is moot.

## IV.

## CONCLUSION AND RECOMMENDATIONS

The Court finds that this action should be dismissed because the Clerks of the Court are entitled to quasi-judicial immunity for damages for the actions taken which are integral to the judicial process and the injunctive relief Plaintiff seeks in this action is moot.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's complaint be dismissed without leave to amend and this action be closed.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 24, 2018**

UNITED STATES MAGISTRATE JUDGE