# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHKEEM DESHAVIER WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>U.S.D.C. COURT CLERKS,<br><br>Defendants. | Case No. 1:18-cv-00071-LJO-SAB<br><br>Appeal No. 18-15199<br><br>ORDER REVOKING *IN FORMA PAUPERIS* STATUS<br><br>ORDER DIRECTING CLERK'S OFFICE TO SERVE COPY OF ORDER ON NINTH CIRCUIT |

Plaintiff filed this action on January 17, 2018, against the court clerks of the United States District Court. (ECF No. 1.)

On January 25, 2018, the magistrate judge issued findings and recommendations recommending that the complaint be dismissed without leave to amend. (ECF No. 6.) The basis of Plaintiff's complaint was that the court clerks mishandled his mail causing two of his cases to be dismissed. (Id. at 2-3.) Plaintiff alleged that the clerks were tampering with and mishandling his mail to manipulate the court proceedings and was seeking to have *Williams v. Jordan*, Case No. 1:17-cv-00816-DAD-DAM reinstated. (Id. at 3.) First, the magistrate judge found that review of the case dockets showed that the mail that Plaintiff had alleged had been tampered with had been received and that he was informed that no case had been opened because of an

1 error in Plaintiff's name on the docket. (Id. at 4.) The docket entry had been corrected and the
2 case had not been dismissed. (Id.) Therefore, Plaintiff's request to have the action reinstated
3 was moot. (Id.) The magistrate judge also found that the clerks were entitled to quasi-judicial
4 immunity from damages for those actions taken which were integral to the judicial process. (Id.
5 at 5.) On February 2, 2018, an order was filed adopting findings and recommendations and this
6 action was dismissed and judgment was entered. (ECF No. 8, 9.)

Plaintiff filed a notice of appeal on February 6, 2018, which was processed to the Ninth Circuit Court of Appeals. (ECF No. 11, 12.) Plaintiff's notice of appeal states that the Clerk's Office did manipulate the Court proceedings and had Judge O'Neill assigned to the action. (ECF No. 11 at 1.) Plaintiff contends that the clerk's office gave him the run around for months seeking his mail. (Id.)

On February 9, 2018, the Ninth Circuit Court of Appeals referred the matter back for the district court to determine whether *in forma pauperis* status should continue for appeal or whether the appeal is frivolous or taken in bad faith. (ECF No. 16.)

"An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). The test for allowing an appeal *in forma pauperis* is easily met; the good faith requirement is satisfied if the appellant seeks review of any issue that is not frivolous. *Gardner v. Pogue*, 558 F.2d 548, 550–51 (9th Cir. 1977) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)) (quotation marks omitted); *see also Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (if at least one issue or claim is non-frivolous, the appeal must proceed *in forma pauperis* as a whole). An action is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, (1989). In other words, the term "frivolous", as used in § 1915 and when applied to a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.*

Plaintiff seeks to appeal the dismissal of this action because he alleges that the court clerk's gave him the run around for months. (ECF No. 11.) This was the result of Plaintiff's name being incorrectly entered in the docket and the error has now been corrected. *See Williams v. Jordan*, Case No 1:17-cv-00816-DAD-BAM (E.D. Cal.). As the magistrate judge found in the

findings and recommendations, the clerks of the court are entitled to quasi-judicial immunity for damages due to errors made in entering items on the docket, and, as Plaintiff now raises on appeal, for the judicial assignment of actions. *Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987); *Fixel v. United States*, 737 F. Supp. 593, 597 (D. Nev. 1990), *aff'd sub nom. Fixel v. U.S. Dist. Court of Nevada*, 930 F.2d 27 (9th Cir. 1991). Therefore, Plaintiff would have no legal basis to seek damages against the court clerks in this action.

Further, the only relief Plaintiff was seeking in his complaint was to have *Williams v. Jordan*, no. 1:17-cv-00816-DAD-BAM, reinstated. (*See* Compl. at p. 9.) However, *Williams v. Jordan*, no. 1:17-cv-00816-DAD-BAM, had not been dismissed and was pending screening by the assigned magistrate judge. Therefore, there was no relief that could be provided to Plaintiff in this action.

There is no basis in fact or in law for this appeal, and it is therefore frivolous and not taken in good faith.

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's in forma pauperis status is revoked.

IT IS SO ORDERED.

Dated: **February 15, 2018**          /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE