# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHKEEM DESHAVIER WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>U.S.D.C. COURT CLERKS,<br><br>    Defendants. | Case No. 1:18-cv-00071-LJO-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION OF DISTRICT JUDGE<br><br>(ECF No. 10) |

Plaintiff filed this action on January 17, 2018 against the Clerks of the United States District Court. On January 25, 2018, the magistrate judge issued findings and recommendations recommending that the action be dismissed without leave to amend. The magistrate judge found that Clerks of the Court had absolute quasi-judicial immunity from damages for actions complained of in the complaint. Further, Plaintiff was seeking injunctive relief to have another case reinstated, but the request was moot as the case Plaintiff was seeking to have reinstated was still active.

On February 2, 2018, the findings and recommendations was adopted in full and the case was dismissed without leave to amend and judgment was entered. On February 6, 2018, Plaintiff filed a notice of appeal and a motion to disqualify Judge Lawrence J. O'Neill from any case in which he was the plaintiff.

1

1   The Court construes Plaintiff's motion for recusal under 28 U.S.C. §§ 144 and 455.  In
2   pertinent part, 28 U.S.C. § 144 provides as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

As relevant here, Section 455 provides that any judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party."  28 U.S.C. §§ 455(a) and (b).

The test for personal bias or prejudice under sections 144 and 455 are identical and the same standard is applied to both sections.  United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980).  "The standard for judging the appearance of partiality requiring recusal under 28 U.S.C. § 455 is an objective one and involves ascertaining 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.' " United States v. Holland, 519 F.3d 909, 913 (9th Cir. 2008); Preston v. United States, 923 F.2d 731, 734 (9th Cir. 1991) (citations omitted).  "The standard "'must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.' " Holland, 519 F.3d at 913.

Recusal under 28 U.S.C. § 144 is only required where the prejudice or bias of the judge is both personal and extra-judicial.  United States v. Carignan, 600 F.2d 762, 763 (9th Cir. 1979).  In order for the alleged bias and prejudice to be disqualifying, it must stem from an extrajudicial source other than what the judge learned from his participation in the case.  United States v. Grinnell Corp., 384 U.S. 563, 583 (1966).  The source of the bias must be extra-judicial because the recusal statutes were "never intended to enable a discontented litigant to oust a judge because of adverse rulings made. . . ." Ex parte Am. Steel Barrel Co., 230 U.S. 35, 44 (1913).

Plaintiff contends that the undersigned is biased and has a conflict of interest to equal justice and that the information on the docket sheet was put into the Court's words.  Plaintiff motion is insufficient to identify any conflict of interest or bias on behalf of the Court.  Further, a court may take judicial notice of the docket.  Plaintiff's motion fails to set forth any allegations

by which the Court's impartiality might reasonably be questioned.

Accordingly, Plaintiff's motion for disqualification, filed February 6, 2018 is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **April 23, 2018**           /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE